## HENRY J. GOOD v. CHARLES F. DROSTE.

RIGHTS OF PARTIES TO LEASE TO DAMAGES FROM CONDEMNATION OF PROPERTY.

Where premises leased with privilege of renewal are condemned for railroad purposes, and the jury fixes the value of the part taken, with damages to the residue, and, in answer to a special interrogatory, finds the rental value of the premises has depreciated by reason of the appropriation, it is error for the court, in its order of distribution, to impound a certain portion of the verdict awarded to the lessee for payment of rent during the additional term in the event the lease is renewed, or to be paid in full to the lessor in the event the lease is not renewed.

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 453-458; 5 Cyc. Dig., "Landlord and Tenant," §§ 337-339.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**J. C. Healy** and **Kelley & Hauck,** for plaintiff in error.

**C. F. Droste,** for defendant in error.

## GIFFEN, J.

This controversy arises upon the distribution of a fund awarded by the jury in proceedings to appropriate property commenced by the trustees of the Cincinnati Southern railroad.

The defendant in error, Droste, leased to the plaintiff in error, Good, two lots, one on the west side and the other on the east side of Carr street in the city of Cincinnati, for a term of ten years from August 1, 1903, with the privilege of renewal for an additional term of ten years, at a yearly rental of $1,380, payable in monthly installments of $115.

The trustees appropriated a strip of ground forty feet in width across the middle of the lot on the east side of Carr street. The jury awarded damages as follows:

First. For the strip of land taken ...................... $1,693.71
Second. Value of the building ........................... 1,800.00
Third. Damages to the residue of the property ........... 1,143.79

Total ............................................. $4.637.50,

and apportioned the same as follows: To Henry J. Good, $2,864.50; to C. F. Droste, the owner, $1,773.

In answer to a special interrogatory, the jury found that $15 of the monthly rental of $115 was taken by reason of the appropriation.

The court on motion of Droste impounded $1,200 of the sum awarded to Good to provide for the payment of rent during the additional term of ten years in the event the lease was renewed or to be paid in full to Droste in the event the lease was not renewed.

It is held in the case of *Foote* v. *Cincinnati*, 11 Ohio 408 [38 Am. Dec. 737], that the liability of a lessee to pay rent subsists, notwithstanding the leasehold has been appropriated for a street; but we see no good reason why the lessee should be held for rent during the renewal period before his election to renew. While the jury apparently allowed Good the full amount of the rent at $15 per month for the additional term of ten years, yet an analysis of the apportionment made by the jury will show this not to be the fact. The present value of the annual rental of $180 for the balance of the original term, to wit, eight years, upon a basis of 5 per cent is according to the annuity tables, $1,156.17, which sum or its equivalent in monthly installments must be paid by the lessee to the lessor, and adding this sum to the amount awarded to the lessor, it amounts to $2,929.17, being $91.67, more than the jury awarded for the entire premises exclusive of the value of the building. Deduct the sum of $1,156.17, from the amount awarded to Good, and it leaves $1,708.33, which represents the sum awarded to Good, as the value of his interest in the building; while the $91.67 represents the sum awarded to Droste for his interest in the building.

Neither the jury nor the court found in terms the respective interests of the lessor and lessee in the building. It is contended by counsel for Good that he furnished substantially the entire sum. If this be true, then the apportionment made by the jury should be confirmed by the court; otherwise it should ascertain from the evidence the interest of each in the building for which the jury awarded the sum of $1,800, and render judgment accordingly. We think the court is authorized under the statute to determine the conflicting claims of the lessor and lessee. *Skerrett* v. *Presbyterian Soc.* 41 Ohio St. 606.

The judgment will be reversed and cause remanded for further proceedings.

**Jelke** and **Swing, JJ.,** concur.